**WEMBLEY, INC., Appellant,**

v.

**SUPERBA CRAVATS, INC., Appellee.**

**No. 52, Docket 27413.**

United States Court of Appeals Second Circuit.

Argued Jan. 15, 1963.

Decided March 8, 1963.

Samuel Scrivener, Jr., Washington, D. C. (John H. O. Clarke, Scrivener & Parker, Washington, D. C., George W. Shaw, Edward H. Cumpston, and Cumpston & Shaw, Rochester, N. Y., on the brief), for appellant.

B. Edward Shlesinger, Rochester, N. Y. (Philip K. Fitzsimmons, Sol. M. Linowitz, and Harris, Beach, Keating, Wilcox, Dale & Linowitz, Rochester, N. Y., on the brief), for appellee.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

MEDINA, Circuit Judge.

The parties here are necktie manufacturers, and plaintiff appeals from a judgment of the United States District Court for the Western District of New York, Harold P. Burke, Judge, dismissing without prejudice its complaint seeking a declaration of the invalidity of defendant's patent on a particular necktie manufactured and sold by defendant, or of the non-infringement of said patent by a "proposed" necktie of plaintiff's. We hold that the complaint was properly dismissed on the ground that it fails to allege a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201. Opinion below not reported.

Defendant owns a patent on a necktie consisting of an outer and inner sheet both composed of Dacron polyester fiber, and defendant states that this is a popular product because of its washability due to the sheets having the same coefficient of shrinkage. Plaintiff's complaint alleges: (1) defendant "has represented to the industry, and now continues so to represent, that because of said patent, [d]efendant alone may make, use and sell" such a necktie; (2) plaintiff "has designed a necktie" and plaintiff believes this "proposed" necktie does not infringe defendant's patent, which plaintiff alleges is invalid; (3) plaintiff submitted this single sample to defendant and asked for an acknowledgment that such necktie does not infringe defendant's patent so that it "may freely be manufactured and sold"; (4) defendant answered that "In our opinion this necktie is covered" by the patent, which has been in existence and "respected" for nine years, and that defendant "shall expect" that plaintiff "will respect the patent."

■ The Supreme Court has stated that the familiar distinction between definite, concrete and substantial controversies, which are justiciable, and hypothetical, abstract or academic ones, which are not, is one of degree, to be explored on a case by case basis. Aetna Life Ins. Co. v. Haworth, 1937, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L.Ed. 617; Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826; Public Service Comm. of Utah v. Wycoff Co., 1952, 344 U.S. 237, 241–244, 73 S.Ct. 236, 97 L.Ed. 291. Turning to the patent field in particular, it may be noted that the availability of declaratory relief has destroyed the "racket" by which patentees gained manifold advantages by the device of threatening alleged infringers or their customers with lawsuits which might never be brought or, if brought, could always be dismissed without prejudice, without the possibility of such persons taking steps to ascertain the validity of the patentee's claims. Borchard, Declaratory Judgments, pp. 803–04 (2d ed. 1941). Because of the public policy in breaking this "racket," and in preventing an invalid patent from remaining in the art "as a scarecrow" (Bresnick v. United States Vitamin Corp., 2 Cir., 1943, 139 F.2d 239, 242), the declaratory remedy should be construed with liberality in the patent field as in general. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68, cert. denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454; Treemond Co. v. Schering Corp., 3 Cir., 1941, 122 F.2d 702. All this does not, however, eliminate the requirement that a justiciable controversy be shown in the complaint. Hawley Products Co. v. United States Truck Co., 1 Cir., 1958, 259 F.2d 69, 75–76.

■ Several elements must be considered in determining whether a justiciable controversy has been shown in a patent case: (1) the position of the declaratory plaintiff; (2) the nature of the threat made against him; (3) the party making the threat and whether his action can be attributed to the patent owner. Borchard, supra, at page 807; Note, Justiciable Controversy Under the Federal Declaratory Judgment Act and the Exercise of Patent Rights, 22 Geo. Wash.L.Rev. 63, 64–65 (1953).

■■ As to the first element, while the early cases required that plaintiff actually be engaged in infringing conduct, this is no longer the law, and it is now sufficient that plaintiff either be engaged in manufacturing, using or selling the invention, or that he has the immediate intention and ability to do so. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 1952, 200 F.2d 876, 878; Welch v. Grindle, 9 Cir., 1957, 251 F.2d 671, 678; Crowell v. Baker Oil Tools, 9 Cir., 1944, 143 F.2d 1003, 1004, cert. denied, 323 U.S. 760, 65 S.Ct. 93, 89 L.Ed. 608; United States Industrial Chemicals, Inc. v. Carbide & Carbon Chemicals Corp., S.D.N.Y.1946, 67 F.Supp. 895, 898; General Electric Co. v. Refrigeration Patents Corp., W.D.N.Y. 1946, 65 F.Supp. 75, 78; Borchard, supra at page 807; 22 Geo.Wash.L.Rev., supra at 69–71. The converse is equally true;

that where there is no actual manufacture, use or sale, and no immediate intention and ability to practice the invention, there is no justiciable controversy. Dewey & Almy Chemical Co. v. American Anode, Inc., supra, 137 F.2d at 70; Fash v. Clayton, D.N.Mex.1948, 78 F.Supp. 359, 361. The explanation for these principles is that it would be economically wasteful to require a plaintiff to embark on an actual program of manufacture, use or sale which may turn out to be illegal (Crowell v. Baker Oil Tools, supra, 143 F.2d at 1004); on the other hand, a vague and unspecific "desire" to practice an invention if a patent should turn out to be invalid smacks too much of the hypothetical and contingent, and allowing the declaratory remedy in such a situation would unfairly subject the defendant to the burdens of a lawsuit. 22 Geo. Wash.L.Rev., supra at 70–71; Russell, Some Patent Aspects of Declaratory Procedure, 32 J.Pat.Off.Soc'y 504, 525–30 (1950).

■ In the instant case it is not contended that plaintiff has entered upon an actual manufacture, use or sale of its necktie. Whether it has the immediate intention and ability of doing so is a difficult question. The fact that plaintiff may have made its "proposed" necktie for the purpose of provoking a lawsuit does not itself require that we hold no justiciable controversy exists. Cf. Evers v. Dwyer, 1958, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222. But see United States Industrial Chemicals, Inc. v. Carbide & Carbon Chemicals Corp., supra, 67 F.Supp. at 898. This single act, as defendant points out, is quite insubstantial in comparison with the steps actually taken in certain of the cases supporting jurisdiction (Technical Tape Corp. v. Minnesota Mining & Mfg. Co., supra; Welch v. Grindle, supra; General Electric Co. v. Refrigeration Patents Corp., supra); although it is not very much less than what was held sufficient in some others. Crowell v. Baker Oil Tools, supra; United States Industrial Chemicals, Inc. v. Carbide & Carbon Chemicals Corp., supra. Quantitative comparisons of activities, however, are hardly profitable since ability or potential varies from product to product and industry to industry.

■■ Major stress should be placed on the "definite" intention of the plaintiff to take "immediate" action to utilize its potential and this intention should be "evident" from the preparatory steps outlined in its complaint. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., supra, 200 F.2d at 878; Borchard, supra at page 807; 22 Geo.Wash.L. Rev., supra at 70–71. Reading the complaint in the instant case we cannot say that plaintiff has met this burden, and consequently we think the complaint was properly dismissed because plaintiff has not shown itself to be in a proper position or to have proper standing to challenge defendant's patent. Our holding must be interpreted in the light of the fact that the complaint was dismissed without prejudice. If plaintiff really does definitely contemplate the immediate undertaking of the manufacture, use or sale of its necktie if not legally barred, it will have an opportunity to make this clear in a new complaint wherein it alleges the relevant facts from which the court can determine that it is "about to infringe or take some action which is prejudicial to the interests of the patentee." Borchard, supra at page 807.

We do not understand how our brother Waterman in his dissent can fairly construe what we have just written as requiring plaintiff "to do no more than redraft minor language in its complaint." The fundamental requirement that a justiciable controversy be shown in the complaint seems to us under the cited authorities plainly to require that plaintiff allege the relevant facts from which the court can determine that plaintiff is about to infringe or take some action which is prejudicial to the interests of the patentee. It would be the supreme irony if in ruling otherwise we opened the door to a new "racket" to take the place of the one the declaratory remedy was designed to extirpate. We need not expatiate on the methods which human in-

genuity is capable of devising to take advantage of patentees whose rights, no less deserving of protection than others, may be of minimal significance in the general scheme of things. In thus following the settled law we cannot agree that we are merely indulging in captious fault-finding with the draftsmanship of a pleading after the manner of Baron Parke.

Affirmed.

WATERMAN, Circuit Judge (dissenting).

As I read the opinion of the court, appellant is required to do no more than redraft minor language in its complaint to satisfy my colleagues that a justiciable controversy exists. Although dismissal without prejudice permits appellant to commence a new action I believe that the district court should have proceeded to the merits upon the present complaint.

My brothers appear to concede, or are prepared to assume, that appellant has, with but one omission, set forth all that is required to establish a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201. They do not contend that Superba's reply to appellant's letter is insufficient as an assertion of right under the patent. The precise nature of the allegedly infringing object appellant proposes to manufacture is established by the sample already produced for Superba's inspection.

The majority recognizes that in the necktie industry it may well be that designing a sample necktie is the equivalent of more elaborate preparatory steps which, in other cases, have been found sufficient to establish an immediate ability to engage in allegedly infringing conduct. The only fatal defect that the majority finds in Wembley's complaint is what appellant says or fails to say about its immediate intention to manufacture.

The complaint may well be inartfully drafted in this respect. It is clearly stated that Wembley "proposes" to manufacture the dacron tie provided it is found not to infringe Superba's patent. Appellant has no apparent reason to misrepresent its intentions in this respect or to litigate the issue at substantial expense if no such intention exists. In light of our long-standing policy of liberality toward suits for declaratory judgment in the patent field, Dewey & Almy Chemical Co. v. American Anode, Inc., 137 F.2d 68 (3 Cir., 1943), cert. denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454, I would accept Wembley's statement of intention and reverse the judgment of dismissal without prejudice below.