**BRAD RAGAN, INC., Plaintiff,**

v.

**BANDAG INCORPORATED, Defendant.**

**Civ. No. 3427.**

United States District Court,
W. D. North Carolina,
Asheville Division.

Feb. 28, 1972.

See also, D.C., 55 F.R.D. 20.

Parrott, Bell, Seltzer, Park & Gibson by Floyd A. Gibson, Charlotte, N. C., for plaintiff.

McLendon, Brim, Brooks, Pierce & Daniels by C. T. Leonard, Jr., Greensboro, N. C., Cushman, Darby & Cushman by George T. Mobille and George M. Sirilla, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the court upon the defendant's Motions to Dismiss Counts One and Two of the complaint for lack of an actual controversy between the parties, and to transfer the action to the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C.A. § 1404(a).

The plaintiff, Brad Ragan, Inc., a North Carolina corporation, with its principal office in Spruce Pine, within the Western District, and with a busi-

ness operation in Salisbury, within the Middle District, instituted this action on September 21, 1971, against the defendant, Bandag Incorporated, an Iowa corporation, with a business operation at Oxford, within the Eastern District of North Carolina. Plaintiff brings its action for declaratory judgment under 28 U.S.C.A. §§ 2201 and 2202 and in Count One alleges the invalidity and non-infringement of certain patents belonging to the defendant, in Count Two the unenforceability of said patents, and in Count Three unfair competition in violation of the Sherman and Clayton Acts. Defendant moves to dismiss Counts One and Two under Rule 12(b) (6), Federal Rules of Civil Procedure, on the grounds of lack of actual controversy between the parties and moves to transfer the action to the Middle District for trial. The defendant attaches to its Motion to Dismiss affidavits tending to show that the defendant has made no charges or threats against the plaintiff of infringement of the patents involved in this controversy. The Motion to Transfer alleges that on September 20, 1971, Bandag Incorporated brought suit against Brad Ragan, Inc., in the Middle District of North Carolina for breach of a franchise agreement and attached to its motion a copy of the complaint filed in said action.

Brad Ragan, Inc., opposes the motions to dismiss and transfer and filed affidavits tending to show that the defendant, Bandag Incorporated, had accused the plaintiff of infringing its patents and had threatened litigation.

■ A careful reading of the complaint raises serious questions as to whether a justiciable controversy exists between these parties. However, since affidavits have been filed and considered by the court which contain matters outside the pleading, the motion to dismiss must be treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure.

■ Under Rule 56, the question is whether there is a genuine issue as to any material fact, or whether the defendant is entitled to judgment as a matter of law. If there is no dispute as to any issue of fact, the movant must show that there does not exist a justiciable controversy. General Tire & Rubber Company v. Jefferson Chemical Company, 46 F.R.D. 607 (S.D.N.Y.1969).

What is a justiciable controversy is not subject to precise definition. As stated by the Supreme Court in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941):

> "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. * * * "

■ From the above general definition, three elements must be considered in determining whether a justiciable controversy has been presented in a patent case: "(1) the position of the declaratory plaintiff; (2) the nature of the threat made against him; (3) the party making the threat and whether his action can be attributed to the patent owner. See Wembley, Inc. v. Superba Cravats, Inc., 315 F.2d 87, 89 (2 Cir. 1963); Borchard, Declaratory Judgments, pp. 803–804 (2d ed. 1941)." General Tire & Rubber Co. v. Jefferson Chemical Co., *supra.*

■ Defendant grounds its motion to dismiss on the theory that there has not been a sufficient threat made to establish a justiciable controversy. If there were nothing before the court except the complaint and the defendant's affidavits, the motion would be granted as a matter

of law by summary judgment. However, since the affidavits of plaintiff indicate charges of infringement and threats of litigation, general issues of a material fact exist and the court cannot at this time dismiss the action by way of summary judgment.

■ Defendant's motion to transfer to the Middle District is grounded upon the pendency of a prior action between the parties for an alleged breach of a franchise agreement, convenience of parties, witnesses and attorneys, and in the interest of justice. A careful reading of the complaint filed in the Middle District case and the entire file in this cause indicates that both actions arise out of a long-standing dispute between the parties with regard to the ownership and use of certain tire retreading or recapping processes. Of course, both actions involve the same parties and seem to contain common issues which should be disposed of by the same court, and perhaps at the same time. It would be a waste of judicial time and manpower for two different courts to hear this controversy.

It appears that it would be far more convenient for the parties, witnesses and attorneys to try this case in the Middle District where the court sits in Salisbury. The contract out of which the Middle District action arose was executed at Brad Ragan, Inc.'s Salisbury Plant, and it is here that the alleged infringement is occurring. Therefore, it appears that both causes of action arose in the Middle District and that the instant action could have been brought there. Bandag Incorporated has a large plant located at Oxford in the Eastern District, and if personnel from this plant should be needed as witnesses, the Middle District would be much closer than Asheville. Thus, this court feels that for the convenience of witnesses, parties, and attorneys, and in the interest of justice, this case should be transferred to the Middle District where it could have been instituted originally.