POLAROID CORPORATION, Plaintiff,

v.

BERKEY PHOTO, INC., Defendant.

Civ. A. No. 75-179.

United States District Court,
D. Delaware.

Dec. 30, 1976.

William K. Kerr, and Herbert F. Schwartz, of Fish & Neave, New York City, for plaintiff; Richard F. Corroon, of Potter, Anderson & Corroon, Wilmington, Del., of counsel.

Sidney Neuman, Michael O. Warnecke and Charles W. Grimes, of Neuman, Williams, Anderson & Olson, Chicago, Ill., for defendant; C. Waggaman Berl, Jr., Wilmington, Del., of counsel.

## OPINION

MURRAY M. SCHWARTZ, District Judge:

■ Presently before the Court is a motion by the plaintiff, Polaroid Corporation ("Polaroid"), to dismiss one of three counterclaims filed by the defendant, Berkey Photo, Inc. ("Berkey"), for want of subject matter jurisdiction, see F.R.Civ.P. 12(b)(1),[1] and failure to state a claim upon which relief can be granted, see F.R.Civ.P. 12(b)(6).[2] The counterclaim[3] in question seeks cancellation of Polaroid's federal registration of the trademark POLAROID[4] and a declaratory judgment that Berkey is free to use the term "POLAROID" in a generic sense, as descriptive of self-developing or instant pictures. The parties, both manufacturers of instant photographic products, are already before the Court by way of a patent infringement action in which Polaroid has accused Berkey of infringing certain of its patents in the development and manufacture by the defendant of its "Wizard" camera. Berkey, a participant in the photographic business since 1972, responded to the complaint by answering and filing three counterclaims against Polaroid.

Polaroid rests its motion to dismiss for lack of subject matter jurisdiction on the fact, undisputed by the counterclaimant, that there has been no infringement of the Polaroid trademark by Berkey nor has plaintiff charged the defendant with any infringing activity. Accordingly, Polaroid contends that no justiciable controversy has been presented to the Court. However, the

---

1. Under Rule 12(b)(1), only the "facts" set forth in the third amended counterclaim may be considered. Cf. Gerrett v. Bamford, 538 F.2d 63, 65 (3d Cir. 1976). There was some concern on the part of Berkey's counsel that the Court might consider matters outside the pleadings, i. e., an affidavit submitted by Polaroid with its Reply Brief relating to a license agreement concerning royalties to be paid Polaroid for Berkey's non-generic use of the "POLAROID" trademark in the sale of its Keystone 700, 800 and 850 cameras. The affidavit has not been considered by the Court in its disposition of the motion, thereby conforming to the requirements of Rule 12(b)(1).

2. Because of the conclusion reached as to jurisdiction, the failure to state a claim aspect of plaintiff's motion is not treated.

3. The counterclaim under consideration is defendant's amended third counterclaim, which is permissive in nature. The other counterclaims concern the patent and antitrust aspects of the principal suit, and are not at issue here.

4. This trademark was registered by Polaroid with the United States Patent Office in 1951, and has been used by the company since 1948. Docket No. 29, ¶¶ 45, 46.

plaintiff is frank to admit that should defendant embark on a course of infringement of the Polaroid name, Polaroid will move to protect registration of its trademark.[5]

Berkey bottoms its claim of justiciability on its desire to use the Polaroid trademark generically, which presently is being thwarted by plaintiff's vigilance in protecting its trademark; thereby placing defendant in "reasonable apprehension" of litigation, *Japan Gas Lighter Ass'n v. Ronson Corp.,* 257 F.Supp. 219, 237 (D.N.J.1966), should it attempt to transgress the Polaroid guidelines. Defendant further complains that at least on one occasion in the past it altered its advertising practices to comport with the Polaroid regulations.[6]

The emerging issue is whether a justiciable controversy is presented where there is no current infringing activity, nor charge of infringement, but only the ever ready vigilance of Polaroid to protect its mark should it be used by a competitor. It is concluded that where the record is devoid, as it is here, of any current activity which effectuates an actual injury suffered by this defendant, a justiciable controversy does not exist.

■ The line separating justiciable from non-justiciable controversies escapes precise demarcation. This is especially true when declaratory relief is sought:

> "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

In other words, a case ripe for declaratory relief must present "a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (Frankfurter, J.).

Berkey asserts it must show no more than it has a reasonable apprehension of litigation in order to establish the existence of a justiciable controversy. Consistent with this position, Berkey further contends that it need not show that it has actually infringed Polaroid's trademark, nor must the perceived threat of litigation have been made *"in haec verba,"*[7] as long as it can be reasonably inferred from the totality of the circumstances.

Berkey cites the following "admitted facts"[8] as evidencing the reasonableness of its apprehension that use of the term "POLAROID" generically will result in Polaroid's taking legal action against it.

1) Polaroid's registration of its trademark ("POLAROID").

2) Berkey's present non-generic use (as authorized by contract) of the term "POLAROID" in its promotional activities.

3) Polaroid's policy of strict enforcement of its trademark right, evidenced by legal proceedings taken against suspected infringers.

4) Polaroid's guidelines prohibiting use of the term "POLAROID" in a generic manner.

5) Polaroid's enforcement of these guidelines against Berkey and others.

---

5. In the past, Polaroid's enforcement policy has included the issuance of guidelines created to govern the usage of Polaroid Corporation Trademarks by any dealer or vendor. The guidelines, *inter alia,* prohibit the generic use of the Polaroid name. *See* Docket No. 29, ¶ 49.

6. *Id.*

7. Defendant's Brief in Opposition, Docket No. 34 at 7.

8. *Id.* at 9.

6) Berkey's resultant change in its advertising and promotional practices because of Polaroid's guideline enforcement.

7) Berkey's contemplated use (and need to use) the term "POLAROID" in a generic manner.[9]

In support of its contention that its allegations provide sufficient grounding for a justiciable controversy, Berkey primarily relies on *Simmonds Aerocessories v. Elastic Stop Nut Corp.*, 257 F.2d 485 (3d Cir. 1958), and *Japan Gas Lighter Ass'n v. Ronson Corp., supra.*

The *Simmonds* case was brought by a manufacturer who was importing elastic stop nuts with red fiber inserts into the United States. The red colored inserts previously had been produced and distributed by the defendant in the United States.[10] When the defendant became aware of Simmonds' importing activities, it applied for and received the registration of a trademark which gave it exclusive use of a red insert for elastic stop nuts, and then proceeded to notify United States Custom officials with the resultant effect that the importation of Simmonds' product was halted. Simmonds, then, without having actually infringed upon the trademark sought a declaratory judgment that the defendant's trademark was invalid. In upholding plaintiff's right to proceed, the Third Circuit held that no actual threat of infringement or litigation need be shown. As the court explained:

"[I]t is not essential that there be a direct threat of litigation in order to invoke the Declaratory Judgment Act. It is sufficient if such a threat is implicit in the attitude of the defendant as expressed in circumspect language contained in a letter . . . or if the plaintiff has notice that the defendant asserts that there is or will be an infringement." 257 F.2d at 490 (citations omitted).[11]

In *Japan Gas,* a patent rather than trademark case, a group of Japanese manufacturers of lighters, sought a declaratory judgment relating to the validity of two patents held by Ronson for cigarette lighter refill valves. Ronson sought summary judgment on the ground that it never had threatened or charged plaintiff with infringement. The court denied Ronson's motion for summary judgment *at that time* because plaintiffs were actually manufacturing lighters which appeared possibly to be within the scope of the patents claimed by defendant and the Court had doubts about Ronson's professed nonintention of suing plaintiffs. In so doing, the court formulated the "reasonable apprehension" of litigation standard 'advanced by Berkey in the instant case, for detecting the existence of a justiciable controversy.

Although Berkey's arguments in support of the alleged presence of a justiciable controversy are superficially appealing, its averments that it "contemplates using and needs to use the term Polaroid"[12] fall far short of allegations of a substantial dispute between the parties. Although the language of both *Simmonds* and *Japan Gas* is susceptible of a broad reading, in both cases the party seeking declaratory relief had already engaged in a *course of conduct* which elevated the controversy beyond a theoretical level, and brought it into adversarial conflict with its opponent. Berkey has not even alleged any facts regarding its plans, nebulous or certain as they may be, which would inform the Court of the substance and scope of its intentions. Accordingly, Berkey's invitation to read *Simmonds* and *Japan Gas* broadly enough to apply to the present case is declined.

---

9. *Id.* at 9–10.

10. Both the defendant and plaintiff previously had been licensed by the inventor to manufacture and sell the product, however by the time of this litigation, the patent and licenses had expired.

11. In *Simmonds* the defendant had charged the plaintiff with infringement in both the patent office proceeding to obtain registration of its trademark and by letter.

12. Docket No. 29, ¶ 50.

At this stage in the proceedings, Berkey's interest is no more adverse to that of Polaroid than any other distributor or would-be distributor of cameras. Berkey's bald assertion, that because it happens to be in the same field as Polaroid, it "contemplates" using the name now enjoyed by Polaroid, is insufficient to defeat plaintiff's motion. While competitors may be loosely considered adversaries in a business sense, they are not *per se* adversaries in a legal sense, until there is demonstrated some concrete controversy between them. Moreover, even though litigation need not be actually threatened to procure relief under the Federal Declaratory Judgment Act, the most liberal interpretation of justiciability will not admit to an active controversy in the absence of either some imminent infringing conduct or some assertion of the same. *Dewey & Almy Chemical Co. v. American Anode, Inc.,* 137 F.2d 68 (3d Cir. 1943). Neither has been satisfactorily demonstrated by Berkey.

To hold that the facts alleged in Berkey's amended third counterclaim are sufficient to present a justiciable controversy, would completely emasculate the Article III "case and controversy" requirement, and would open the door to unlimited efforts by parties to obtain advisory opinions. This would fly in the face of the clear constitutional mandate governing the functioning of the federal judiciary. It is concluded that Berkey's apprehension, perhaps real, nevertheless is not actionable within the meaning of *Japan Gas, supra,* and *Simmonds, supra.*[13]

Accordingly, the Third Amended Counterclaim will be dismissed without prejudice for want of subject matter jurisdiction.

---

13. In view of the Court's dismissal of the counterclaim, Polaroid's alternative argument that even if a justiciable controversy were present, the Court should exercise its discretion under the Declaratory Judgment Act to decline to entertain the claim, need not be addressed.