### POSTAL INSTANT PRESS, a California Corporation, Plaintiff/Appellee,

v.

### Keith R. CLARK, Defendant/Appellant.

### No. 83–6040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1984.

Decided Aug. 22, 1984.

Melvin N. Feldman, Los Angeles, Cal., for plaintiff/appellee.

Kenneth Hagen, Fullerton, Cal., for defendant/appellant.

Before ·CHAMBERS, CHOY and SKOPIL, Circuit Judges.

CHAMBERS, Circuit Judge:

In this timely filed appeal, appellant challenges the entry of summary judgment for plaintiff-appellee, wherein appellant was

---

enjoined from engaging in the While-U-Wait printing business in downtown Santa Ana for a three year period. The sole basis of federal jurisdiction is 15 U.S.C. § 1121, which grants the federal courts original jurisdiction over actions arising under the Lanham Trade-Mark Act, 15 U.S.C. § 1051 et seq. Postal Instant Press is apparently a registered trade name and its logo is similarly protected.

Appellant's Postal Instant Press (PIP) franchise was terminated by PIP due to appellant's alleged refusal to pay monthly royalties and file financial statements as required by the franchise agreement. Upon termination, PIP filed the instant action seeking to enforce the following clause contained in the franchise agreement by way of an injunction:

> Upon termination of the franchise and license, for any reason whatsoever, ... FRANCHISE HOLDER further agrees that it shall not ... for a period of three (3) years thereafter engage in the same or similar business anywhere within the franchise area herein defined.

Although appellant admitted the post termination covenant not to compete was reasonable as to length of time and territorial extent and was supported by consideration, he argued it was invalid pursuant to Cal. Bus. & Prof.Code § 16600 (West).[1]

It is clear that this action fundamentally asserts contract claims and only incidentally involves the Lanham Trade-Mark Act. As stated by the Second Circuit in the patent and copyright area:

> ... [T]he federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law. Indeed, the case for an unexpansive reading of the provision conferring exclusive jurisdiction with respect to patents and copyrights has been especially strong since expansion could entail depriving the state

courts of any jurisdiction over matters having so little federal significance.

*T.B. Harms Co. v. Eliscu,* 339 F.2d 823, 826 (2nd Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

Just as the mere existence of a patent or copyright does not confer federal jurisdiction over what is essentially a contract dispute, the mere existence of the protected trade name and attendant symbol herein does not provide a basis for federal jurisdiction.

The judgment of the district court is REVERSED and REMANDED with direction to dismiss the action for want of federal jurisdiction.

---

1. Cal.Bus. & Prof.Code § 16600 (West) provides, "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."