**WINDSURFING INTERNATIONAL INC., Plaintiff-Appellant,**

v.

**AMF INCORPORATED, Defendant-Appellee.**

**No. 87–1232.**

United States Court of Appeals, Federal Circuit.

Sept. 9, 1987.

Jai ho Rho, Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal., argued for plaintiff-appellant. With him on the brief was Harold E. Wurst.

Michael C. Elmer, Finnigan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., argued for defendant-appellee. With him on the brief was Richard H. Compere, Willian Brinks Olds Hofer Gilson & Lione, Ltd., Chicago, Ill.

Before MARKEY, Chief Judge, and BALDWIN, Senior Circuit Judge, and SMITH, Circuit Judge.

MARKEY, Chief Judge.

Appeal from a judgment of the United States District Court for the Southern District of New York holding that Windsurfing International's (WSI's) "WINDSURFER" trademark has become generic and ordering (1) cancellation of its U.S. Trademark Registration Nos. 962,616 and 1,195,-641 on that mark, and (2) rectification of U.S. Trademark Registration Nos. 997,974 and 1,180,024 by addition of a disclaimer. 613 F.Supp. 933, 227 USPQ 927 (S.D.N.Y. 1985). Because the district court lacked jurisdiction to entertain AMF's claim for cancellation, the judgment appealed from must be vacated.

## BACKGROUND

United States Patent No. 3,487,800 for a "Wind-Propelled Apparatus" issued in January 1970. WSI, the assignee, has manufactured and sold the patented "sailboard" since 1969. WSI filed an application for reissue in 1978, and U.S. Patent Re. 31,167 ('167 patent) issued on March 8, 1983.

In 1981, after other manufacturers had entered the "sailboard" market, WSI sued AMF Incorporated (AMF) and others for patent infringement. The district court stayed the action pending the outcome of reissue proceedings. When the '167 patent issued in March 1983, AMF filed a complaint in the same court seeking a declaratory judgment, *inter alia*, that the '167 patent was unenforceable because WSI had misused it.

WSI had since 1977 been sending letters demanding the cessation of all use of "WINDSURFER" except in reference to WSI's products. On August 16, 1983, after an AMF dealer ran a newspaper advertisement using "Windsurfer" to refer to one of AMF's products, attorneys for WSI wrote to the dealer demanding that it cease using "WINDSURFER" and requested a prompt reply "to preclude the necessity of instituting more formal proceedings to protect [WSI's] trademark rights." AMF advised the dealer to stop running the advertisement, and the dealer did so.

In November 1983, AMF filed its answer to WSI's infringement complaint, amended its complaint for a declaratory judgment, and filed a counterclaim, seeking in both latter instances cancellation of WSI's registrations. AMF did not designate its counterclaim as one for declaratory judgment, though, like its amended complaint, it was clearly such. In its amendment and counterclaim, AMF alleged that "windsurfer" did not function as a trademark because it had become generic. The district court consolidated the actions.

In November 1984, shortly before trial, WSI moved to dismiss AMF's trademark claims for lack of subject matter jurisdiction, arguing that AMF had alleged insufficient facts to create a "case or controversy" under Article III of the Constitution. The district court denied the motion.

The district court held a nonjury trial in November and December 1984 and issued an opinion on July 15, 1985. About WSI's no-case-or-controversy argument, that opinion said:

> On the eve of trial WSI moved to dismiss the trademark issues on the grounds of lack of case or controversy. The motion was denied. WSI again raises the issue in its post-trial brief. The fact that WSI

has sent correspondence threatening to sue at least one of AMF's dealers ( ...), along with the fact that the trademark issue is intimately connected with AMF's misuse defense (which AMF clearly has a right to assert), is sufficient in this action to create a "case or controversy" and we decline to overturn our earlier ruling. [citation omitted]

613 F.Supp. at 960 n. 174, 227 USPQ at 947 n. 174. The foregoing quote is the entirety of the district court's opinion relating to whether a "case or controversy" exists on the trademark issue. On the merits, the opinion said "windsurfer" had become generic. 613 F.Supp. at 954–62, 227 USPQ at 942–49. No judgment was entered at the time the July 15, 1985 opinion was issued.

On September 11, 1985, the district court entered judgment on the patent issues and an injunction. AMF appealed. 28 U.S.C. § 1292(a)(1). This court affirmed the judgment that the '167 patent was valid and infringed, reversed the holding that the '167 patent was unenforceable because of patent misuse, and remanded for the district court to reconsider the scope of its injunction. 782 F.2d 995, 228 USPQ 562 (Fed.Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986).

On January 6, 1987, the district court entered judgment on AMF's complaint and counterclaim, having determined that " 'windsurfer' has become and is generic," and ordered the cancellation of two of WSI's trademark registrations and the addition of a disclaimer to two others. No reference to the presence or absence of a case or controversy was made in connection with that judgment. WSI appealed.

## ISSUE

Whether the district court had subject matter jurisdiction to entertain AMF's challenge to WSI's trademark registrations.

## OPINION

As in any federal case, an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, must present a "case or controversy" within the meaning of Article III of the Constitution. *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). Because this court has jurisdiction to decide the question only because the district court's jurisdiction was based in part on 28 U.S.C. § 1338(a), we look to the discernible law of the regional circuit where the district court sits, here the Second Circuit, in deciding whether AMF's trademark claims presented a "case or controversy" to the district court. *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.,* 750 F.2d 903, 909, 223 USPQ 982, 986 (Fed.Cir.1984); *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1438–40, 223 USPQ 1074, 1086–87 (Fed.Cir.1984) (in banc). We may also look when necessary to guidance from other circuits. *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.,* 813 F.2d 1207, 1209, 2 USPQ2d 1034, 1036 (Fed. Cir.1987). Because declaratory judgment actions involving trademarks are analogous to those involving patents, *Manufacturers Hanover Corp. v. Maine Sav. Bank,* 225 USPQ 525, 526 (S.D.N.Y.1985) [Available on WESTLAW, DCT database]; 2 J. McCarthy, *Trademarks and Unfair Competition* § 32:17 (2d ed. 1984), we may also, when necessary, find guidance in the precedents of this court.

■ The test for determining whether an actual case or controversy exists in a declaratory judgment action involving trademarks is two-pronged. *See* 2 J. McCarthy, *supra,* § 32:18; *accord Indium Corp. v. Semi-Alloys, Inc.,* 781 F.2d 879, 883, 228 USPQ 845, 848 (Fed.Cir.1985), *cert. denied,* — U.S. —, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986). First, the declaratory plaintiff must have a real and reasonable apprehension of litigation. *See Topp-Cola Co. v. Coca-Cola Co.,* 314 F.2d 124, 125–26, 136 USPQ 610, 611 (2d Cir.1963) (no case or controversy where defendant's conduct did not amount to a warning of a future charge of trademark infringement). Second, the declaratory plaintiff must have engaged in a course of conduct which brought it into adversarial conflict with the declaratory defendant. *Polaroid Corp. v. Berkey Photo, Inc.,* 425 F.Supp. 605, 608, 193 USPQ 183, 186 (D.Del.1976); *see Eastman Kodak Co. v. Velvery Corp.,* 175

F.Supp. 646, 648, 122 USPQ 603, 604 (S.D. N.Y.1959) (case or controversy present where plaintiff had widely advertised and sold products bearing trademark that defendant said was confusingly similar to its own mark); *accord Indium*, 781 F.2d at 883, 228 USPQ at 848; *Wembley, Inc. v. Superba Cravats, Inc.*, 315 F.2d 87, 90, 137 USPQ 235, 236–37 (2d Cir.1963). Both prongs of the test must be satisfied.

■ Assuming without deciding that, as the district court's opinion suggests, 613 F.Supp. at 960 n. 174, 227 USPQ at 947 n. 174, AMF reasonably feared litigation *if* it began using "windsurfer" in connection with its products, the record contains no evidence that AMF has engaged in any course of conduct, or indeed, any conduct at all, that has brought it into adversarial conflict with WSI respecting WSI's trademarks. AMF acknowledges that it has avoided using "windsurfer" and has so instructed its dealers. Thus AMF fails to satisfy the second prong of the test.

In its complaint and counterclaim, AMF alleged merely that "AMF is interested in using the mark descriptively in connection with its products." AMF cites testimony that AMF has a "desire" to use "windsurfer" in its advertising and promotion, and that other members of the trade have the same "desire." Rather than use the mark, get sued, and fight it out in court, AMF was saying, "We would like to use the mark, but before we do, we want a court to say we may do so safely." Thus AMF's complaint and counterclaim sought an advisory opinion, something a federal court may not give. *Aetna Life Ins.*, 300 U.S. at 241, 57 S.Ct. at 464.

A justiciable controversy is one that touches the legal relations of parties having adverse *legal* interests. *Aetna Life Ins.*, 300 U.S. at 240–41, 57 S.Ct. at 463–64. AMF's "desire" to use "windsurfer" and "windsurfing" descriptively may render its commercial interests adverse to those of WSI, but absent a combination of AMF's use of the mark and threats or suits by WSI, the legal interests of AMF and WSI are not adverse. *Polaroid*, 425 F.Supp. at 609, 193 USPQ at 186; *accord Wembley*,

315 F.2d at 90, 137 USPQ at 236 ("[A] vague and unspecific 'desire' to practice an invention if a patent should turn out to be invalid smacks too much of the hypothetical and contingent.").

AMF argues that, under section 14(c) of the Lanham Act, 15 U.S.C. § 1064(c), its status as a competitor of WSI gives it standing to seek cancellation of WSI's trademark registrations. AMF cites a number of cases from the Court of Customs and Patent Appeals, but those cases involved appeals from the Trademark Trial and Appeal Board, not from district courts. Section 14(c) of the Lanham Act does authorize persons interested in using marks that have become the common descriptive names of articles to petition the Patent and Trademark Office to cancel registration of those marks. *See generally Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1026–30, 213 USPQ 185, 187–90 (CCPA 1982). It does not, however, authorize suits for cancellation in district courts.

Under the Lanham Act, district courts have the power to cancel registrations, but only in an "action involving a registered mark." 15 U.S.C. § 1119. "Involving" cannot mean the mere presence of a registered trademark, but must be read as involving the right to use the mark and thus the right to maintain the registration. *See* 1 J. Gilson, *Trademark Protection and Practice* § 4.10[1] (1986) and cases cited therein; *cf. Postal Instant Press v. Clark*, 741 F.2d 256, 257, 223 USPQ 281, 281 (9th Cir.1984) (In a dispute over a franchise agreement licensing a trade name, "the mere existence of the protected trade name and attendant symbol herein does not provide a basis for federal jurisdiction."); *Bascom Launder Corp. v. Telecoin Corp.*, 204 F.2d 331, 335, 97 USPQ 186, 188 (2d Cir.) (antitrust defendant's defense of trademark registration made the case one "involving a registered mark" giving the court jurisdiction to order cancellation of that registration), *cert. denied*, 345 U.S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953). There must, therefore, be something beyond the mere competitor status of the parties to serve as a basis for the court's

jurisdiction. 2 J. McCarthy, *supra,* § 30:32. Such a basis may, for example, be a suit for trademark infringement, *see MWS Wire Indus., Inc. v. California Fine Wire Co.,* 797 F.2d 799, 230 USPQ 873 (9th Cir.1986) (counterclaim of trademark genericness entertained in suit for trademark infringement), or a "case of actual controversy" referred to in the Declaratory Judgment Act, 28 U.S.C. § 2201. As discussed above, AMF's status as a competitor of WSI does not create such an "actual controversy" effective to create jurisdiction in the district court.

■ AMF argues that the district court had "pendent jurisdiction" because AMF's allegations of patent misuse concerned trademark provisions in WSI's patent license agreements. Pendent jurisdiction allows federal courts to consider state claims with federal claims when they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). It is inapplicable here. Moreover, if AMF's patent misuse theory created a "case or controversy" respecting WSI's patent rights, it did not do so respecting WSI's registered trademarks. The parties here have incorrectly assumed a nonexistent identity of the trademark and the patented invention. WSI, for example, argues that AMF had no standing to challenge the trademarks because it was enjoined from infringing the patent, and AMF argues that it could have used the mark on products made under its pre-reissue "intervening rights." Neither party recognizes that the mark is registered for various classes of goods and services, and that nothing limits its use to the patented structure.

## CONCLUSION

AMF's mere desire to use "windsurfer" and "windsurfing" in connection with its products does not constitute a course of conduct placing AMF in legally adversarial conflict with WSI respecting WSI's trademark registrations. AMF, in its complaint and counterclaim, did not present a justiciable controversy. On the contrary, it impermissibly asked the district court for an advisory opinion. The district court therefore lacked subject matter jurisdiction to entertain AMF's claim for cancellation of WSI's registrations, on the ground that "windsurfer" had become a generic term or otherwise. *Aetna Life Ins.,* 300 U.S. at 241, 57 S.Ct. at 464. The district court must therefore vacate the judgment appealed from. The case is remanded for that purpose.

REMANDED.