**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTRANIK BAGHDASSARIAN, an individual,

 Plaintiff - Appellant,

 v.

ARA BAGHDASSARIAN, an individual,

 Defendant - Appellee.

No. 12-55458

D.C. No. 2:11-cv-10385-SVW-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 9, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

 The plaintiff appeals from the district court's denial of his motion to remand

to state court and the dismissal of his contract claim as time-barred under

California law. Because the preponderance of the evidence does not establish that

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the amount in controversy exceeds $75,000, we reverse the denial of the motion to remand.

We review de novo a denial of a motion to remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). The district court correctly found that it lacked federal question subject matter jurisdiction over the plaintiff's contract claims. The mere fact that the underlying facts of the case involve trademark infringement does not confer federal question jurisdiction over this contract dispute. *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984). Nor does diversity jurisdiction exist here. The parties are of diverse citizenship, but the defendant has not shown that the amount in controversy exceeds the jurisdictional threshold.

The complaint does not state an amount in controversy. Where, as here, a plaintiff has sought nonmonetary relief, the removing party may assert the amount of controversy in the notice of removal. 28 U.S.C. § 1446(c)(2)(A). Removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* § 1446(c)(2)(B).

The allegations in the complaint, including the allegation that Karoun Dairies, Inc. is a "multi-million dollar business," do not give rise to the inference that the threatened harm to the plaintiff exceeds $75,000. *See McNutt v. Gen.*

*Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 181 (1936).  Nor does the notice of removal sufficiently state the value of the harm to the defendant that would ensue were the court to deny relief.  The defendant's assertion that he would place the value of his trademarks, goodwill, and the websites "in the tens of millions of dollars" is purely speculative and insufficient to overcome the presumption against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

We therefore reverse the district court's denial of the motion to remand to state court.  As the district court lacked jurisdiction to consider the plaintiff's remaining arguments, we do not decide whether the district court was correct in holding that the California statute of limitations bars the plaintiff's claim.  The defendant's request for judicial notice, the plaintiff's supplemental request for judicial notice, and the plaintiff's motion to strike are denied.

**REVERSED.**