**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTINE M. OWEN,

Plaintiff-Appellee,

v.

ADAM STOKES; et al.,

Defendants-Appellants,

and

RAMZY P. LADAH,

Defendant.

No.    20-15129

D.C. No.
2:18-cv-01581-GMN-DJA
District of Nevada,
Las Vegas

MEMORANDUM[*]

On Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted March 11, 2021[**]
Las Vegas, Nevada

Before:  NGUYEN and BENNETT, Circuit Judges, and HARPOOL,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).
[***]    The Honorable M. Douglas Harpool, United States District Judge for
the Western District of Missouri, sitting by designation.

Christine Owen and Adam Stokes own Half Price Lawyers LLC ("HPL"). Owen filed fifteen state law claims against Stokes, HPL, and others (collectively "Stokes") in state court, alleging that she had not received her share of HPL's profits under various contracts. Stokes removed the case, but the district court granted Owen's motion to remand and her motion for attorney's fees based on improper removal under 28 U.S.C. § 1447(c). Stokes appeals. We dismiss in part and affirm in part.

1. Owen's claims were subject to non-discretionary remand under 28 U.S.C. § 1447(c), and that remand order is not reviewable. 28 U.S.C § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."); *see Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 948–49 (9th Cir. 2004) (explaining that only non-jurisdictional, discretionary orders of remand are reviewable on appeal).

2. We review de novo whether the district court applied the correct legal standard for an award of attorney's fees, *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445–46 (9th Cir. 1992), and review the award of fees and costs for abuse of discretion, *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "The court recognized that its decision turned on the reasonableness of the attempted removal, which *is* the correct legal standard." *Id.*; *see Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may award attorney's

2

fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

Stokes's attempts to manufacture federal question jurisdiction were baseless and premised on misrepresentation. First, Stokes argues that because "Half Priced Lawyers" is a trademark, and because Owen and Stokes own securities in HPL, any claims Owen may have necessarily arise under federal trademark and securities law. But "the mere existence of [a] protected trade name . . . does not provide a basis for federal jurisdiction." *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984). Stokes has provided no authority suggesting that the rule is any different in the securities context. Second, Stokes argues that Owen *could* raise arguments based on federal law, but "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). Finally, Stokes's arguments that the parties' Operating and Licensing Agreements create a federal question fail, because neither document binds the parties to only federal law, and even if they did, "[t]he parties have no power to confer jurisdiction on the district court by agreement or consent." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Moreover, Stokes's arguments to the district court and to this Court concerning the Agreements contain misrepresentations. The district court therefore did not abuse its discretion in

3

determining that there was no objectively reasonable basis for removal.

3. Stokes argues that the district court's fee award in the amount of $8,520.00 was excessive. To the contrary, the district court properly applied a reasonable hourly rate to the hours Owen's counsel spent on federal litigation, except those hours spent opposing Stokes's motion to compel arbitration because that motion would have been filed whether the case was in state or federal court. *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (describing the "lodestar" method of determining fees). The amount of the award was not an abuse of discretion.

**DISMISSED IN PART AND AFFIRMED IN PART.**