The **STATE OF TEXAS, Plaintiff,**

v.

**WEST PUBLISHING COMPANY, Defendant.**

### Civ. A. No. A–87–CA–639.

United States District Court, W.D. Texas, Austin Division.

Jan. 13, 1988.

Jim Mattox, Atty. Gen. of Texas, Allene D. Evans, Asst. Atty. Gen., Chief, Antitrust Div., Donna L. Nelson, Asst. Atty. Gen., Antitrust Div., Austin, Tex., for plaintiff.

Vance K. Opperman, Linda L. Holstein and Raymond Oechsler, Opperman & Paquin, Minneapolis, Minn., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on to be considered Defendant's Motion to Dismiss. After careful consideration, the Court is of the opinion that the Defendant's motion is meritorious and should be granted.

Defendant, West Publishing Company (West), seeks to have the State of Texas' claims for declaratory relief pursuant to 28 U.S.C. § 2201 dismissed for lack of subject-matter jurisdiction. Although West argues several grounds for dismissal, this Court is of the opinion that Plaintiff State of Texas (State) has failed to satisfy the threshold requirement that an action for declaratory relief present an actual controversy, which is a jurisdictional prerequisite. Consequently, the Court declines to express an opinion on the merits of the remainder of West's motion.

It is well-settled that "[a] federal court may not issue a declaratory judgment unless there exists an 'actual controversy,' i.e., there must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir.1986). In this regard, the "case or controversy" requirement of Art. III of the Constitution is identical to the "actual controversy" requirement of the Declaratory Judgment Act. *Adams v. McIlhany,* 764 F.2d 294, 299 (8th Cir.1985); *Windsurfing International, Inc. v. AMF, Inc.,* 828 F.2d 755, 757 (Fed.Cir.1987). Thus, the fundamental inquiry is "whether the conflicting contentions of the parties ... present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895, 906 (1979) (quoting *Railway Mail Assn. v. Corsi,* 326 U.S. 88, 93, 65 S.Ct. 1483, 1487, 89 L.Ed. 2072, 2076 (1945)); *KVUE, Inc. v. Austin Broadcasting Corp.,* 709 F.2d 922, 927 (5th Cir.1983). While this rule is well-established, it is not, of course, a magic wand to wave over a case and instantly and mathematically divine whether the facts present a "dispute definite and concrete." This Court recognizes that the difference between an abstract or hypothetical question which is not justiciable by a federal court and an "actual controversy" which is justiciable is one of degree "and is not discernible by any precise test." *Babbitt,* 442 U.S. at 297, 99 S.Ct. at 2308, 60 L.Ed.2d at 906.

With this conceptual framework in mind, the question in this case becomes whether there is an actual controversy of sufficient immediacy and reality in the particular context of a copyright claim. In the absence of Circuit Court authority directly addressing this issue, the Court finds the reasoning in patent and trademark cases persuasive.[1] In patent and trademark in-

---

1. It is true that the cited cases are patent and trademark infringement cases rather than copyright cases, however, for the purposes of this kind of analysis (i.e. "case or controversy")

fringement cases where a party has sought a declaratory judgment prior to an actual infringement, federal courts have established a threshold requirement that "the defendant must have engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face ... suit or the threat of one if it commences or continues the activity in question." *Crown Drug Co., Inc. v. Revlon, Inc.*, 703 F.2d 240, 243 (7th Cir.1983); *International Medical Prosthetics Research Associates, Inc. v. Gore Enterprise Holdings, Inc.*, 787 F.2d 572 (Fed.Cir.1986) ("[the actual controversy] requirement is satisfied when 'a defendant's conduct has created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question' "). Thus, it logically follows that "the focus of the analysis ... must rest on the *defendant's* statements or conduct; a 'reasonable apprehension alone, if not inspired by defendant's actions, does not give rise to an actual controversy.'" *Crown Drug*, 703 F.2d at 243 (quoting *International Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1211 (7th Cir.1980)); *see also International Medical Prosthetics*, 787 F.2d at 575. Consequently, an objectively reasonable apprehension of litigation can only be created by the defendant's actions rather than unilateral conduct on the part of the plaintiff. Under this analysis, the Court is to look at the *defendant's* (i.e. West's) conduct to determine whether it would justify an objectively reasonable fear of litigation which would thereby bring the parties into a truly adversarial posture. Without this adversarial posturing, there can be no "actual controversy" upon which to base this Court's jurisdiction. It is important to note that the bur-

den of establishing this requirement is on the declaratory plaintiff. *Indium Corporation of America v. Semi–Alloys, Inc.*, 781 F.2d 879, 883 (Fed.Cir.1985); *Accord Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986).

When one looks at the facts of this case, it becomes evident that the State has failed to carry its burden of showing that an actual controversy exists *now* between it and West. The State's complaint concedes that the "nature of the controversy" is that:

> It has come to the attention of the State of Texas that West claims a copyright in the statutory headings and article numbers supplied by its editorial board. The State of Texas seeks to establish that any such work done by West cannot and should not be copyrighted.

Plaintiff's Original Complaint, p. 7.

The Complaint goes on to request alternative declaratory relief to the effect that if West ever held a valid copyright, the copyrighted material is now in the public domain or that any use of the material by the State would be "fair use." Notwithstanding the alternative requests for relief, the crux of the "controversy" is that the State wants to have the validity of West's claimed copyright adjudicated.

The Federal Circuit noted in *International Medical Prosthetics:*

> [t]hat a patent exists does not alone create a right to challenge its validity in court. Absent an actual controversy, such a challenge is an abuse of the judicial process.

*International Medical Prosthetics*, 787 F.2d at 576.

---

there is no valid analytical distinction to be drawn between patents, trademarks, and copyrights. While patents, trademarks, and copyrights are technically different in that they represent a property right in different kinds of intellectual property, they are conceptually identical in that they are all designed to afford protection of intellectual property rights. Their similarity is even more apparent when one considers how disputes arise as to each. These disputes all typically concern either validity or infringement. The details of the dispute (*i.e.*

design copying or paragraph copying) will be different, but conceptually the kind of controversy—interference with intellectual property rights—is identical. One cannot be in a dispute or controversy with a copyright holder unless there is some reason to think that there either is or is going to be an infringement of an actual or asserted copyright and the copyright holder intends to protect its interest. Thus, the "reasonable apprehension of litigation" requirement is just as applicable to copyrights as it is to patents and trademarks.

Similarly, in this case, the fact that someone claims a copyright in certain material does not, standing alone, create a right to challenge it and thereby create a justiciable controversy. The State of Texas may not find it appealing that West has claimed this copyright, but this is not enough to create a dispute which is ripe for the federal courts. There can be no actual controversy unless West does something that gives the State a reasonable apprehension of litigation. Nowhere in its Complaint or other pleadings does the State allege that West has actually threatened a lawsuit or threatened to take *any action* against the State of Texas to protect their claimed copyright or even that West has ever accused the State of infringing its claimed copyright. Nowhere in its pleadings does the State allege that it intends to infringe on West's copyright. Nowhere does the State allege that it has engaged in or intends to engage in a course of conduct which either brings it or will bring it into an adversarial conflict with West.

The extent of the State's allegations of apprehension of litigation are that it is publishing certain portions of Texas statutes as part of Texas state administrative bulletins and like publications in the arrangement in which West claims a copyright. Yet, it is undisputed that West has never complained of such publication, has never indicated an intent to complain in the future, has never threatened litigation, and that the State does not intend to expand or change its current practice nor does West. In sum, the record is simply devoid of any evidence or allegations which would suffice to meet the State's burden of establishing the existence of an actual controversy. The *only* effect that granting the requested relief would have would be to invalidate a claimed copyright. For the Court to issue an opinion on the validity of this claimed copyright under these circumstances would be for the Court to issue an advisory opinion which is beyond the Court's jurisdiction.

The lack of a genuine controversy here is further supported by the State's own brief which states:

> The stakes in this lawsuit are simply too high. The State cannot continue to gamble, based on the assumption that West will (1) continue to allow the State to print its very own statutes, and that West will (2) continue to publish Texas statutory law in the State's arrangement, a portion of which West claims.

Plaintiff's Brief in Opposition to Defendant's Motion for Dismissal, p. 25–26.

The State is basically concerned that it is "gambling" that West will do or not do certain things in the future. While this may not be what the State would consider an ideal situation, the State essentially admits that West has not done or threatened to do anything *yet*. The State is asking for an advisory opinion so that it won't have to "gamble." This is not a proper function of the federal courts.

As to the substance of this "gamble," West claims no interest in the text of the Texas statutes or in Texas law itself. Thus, the State cannot claim to be "gambling" on the access of its citizens to their law in any absolute sense. The State cannot claim any apprehension *at all* in simply publishing its laws in any of the myriad manners available with the exception of the single West editorial arrangement. Nor can the State "gamble" that West will continue to publish because the State could not obtain injunctive relief to force West to publish if it did not desire to do so.

Even if the State intended to cancel its agreement with West and start using the West arrangement in its own printing operation (of which there is no evidence or allegation in the record), there would still be no actual controversy unless West took some action or indicated in some manner that it intended to protect its copyright *against the State's action* in such a way as to give the State a reasonable apprehension of litigation. *See Windsurfing International, Inc. v. AMF, Inc.*, 828 F.2d 755, 757–58 (Fed.Cir.1987). Consequently, on *this* record, there is no indication of any conduct on the part of either party which would give rise to a reasonable apprehension of litigation which is a necessary prerequisite to the existence of an actual con-

troversy in a declaratory judgment copyright action. All that the Court can discern from this record is that the State wants West's claimed copyright invalidated. Based on these facts, the Court finds that the State has not carried its burden of establishing the existence of a "case or controversy" in order to invoke the Court's jurisdiction. This is not an "actual controversy" and this Court has no subject-matter jurisdiction over this action. Therefore,

IT IS ORDERED that the Defendant's Motion to Dismiss be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's claim be and is hereby DISMISSED.