960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MCPHERSON'S LTD, and McPherson's America, Inc., Plaintiff-Appellant,
v.
NEVER DULL, INC., John B. McEvily and Honora McEvily,
Defendants-Appellees.
 No. 91-1140.
 United States Court of Appeals, Federal Circuit.
 March 20, 1992.
 
 Before NIES, Chief Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 NIES, Chief Judge.
 
 
 1
 Appellants, McPherson's LTD and McPherson's America, Inc. (McPherson, collectively), appeal from the denial of their motion for a preliminary injunction, No. 90-2070 (D.N.J. Oct. 9, 1990). The preliminary injunction motion was requested upon McPherson's state law claims in the complaint. In addition to those claims, McPherson's complaint sought a declaratory judgment that United States Patent Nos. 4,866,845 and 4,869,027 (the '845 and '027 patents) owned by John McEvily are invalid and unenforceable. Sua sponte this court raised the issue of its jurisdiction over the appeal. Because of McPherson's failure to appropriately allege any basis for declaratory relief at the time the complaint was filed or to have any basis for such allegations, we dismiss the appeal.
 
 DISCUSSION
 
 2
 McPherson designs, manufactures, distributes, and annually sells millions of dollars worth of self-sharpening knives. Never Dull, founded by John McEvily, a former employee of McPherson, produces self-sharpening knives under the '845 and '027 patents, and takes in approximately $25,000 per year. The essence of the dispute is that McEvily obtained confidential information while employed at McPherson which he is allegedly using in his competing business. As near as can be discerned, the misappropriated information concerns the idea of putting out a cheaper knife to capture a particular market niche.
 
 
 3
 This litigation began with McPherson filing suit in district court seeking ownership of the '845 and '027 patents and damages based upon claims of breach of contract, breach of trust and unfair trade practices. The complaint also sought a declaratory judgment, pursuant to 28 U.S.C. § 2201 (1988), that McEvily's two patents are invalid and unenforceable. McPherson moved for a preliminary injunction to enjoin Never Dull's production and sale of its patented knives. The district court denied the injunction because McPherson failed to establish that it would suffer irreparable harm. We, however, do not have jurisdiction to reach the merits of the district court's order.
 
 
 4
 Pursuant to 28 U.S.C. §§ 1292 and 1295 (1988),[1] this court would have jurisdiction over McPherson's appeal from the district court's order denying a preliminary injunction of its state law claims, if the jurisdiction of the district court over the complaint were based, at least in part, on 28 U.S.C. § 1338 (1988). See Beghin-Say Int'l v. Ole-Bendt Rasmussen, 733 F.2d 1568, 1570, 221 USPQ 1121, 1123 (Fed.Cir.1984). Section 1338(a) states that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents...." Accordingly, for this appeal to be properly before us, the jurisdiction of the district court must have rested, at least in part, on a claim arising under the patent laws.
 
 
 5
 The only count in McPherson's complaint which could possibly provide such a basis for this court's jurisdiction is the count seeking a declaratory judgment that McEvily's patents are invalid and unenforceable. That count reads in its entirety:
 
 COUNT IV
 
 6
 For a Declaration that Each Claim of Each of Patents 4,866,845 and 4,869,027 is Invalid and Unenforceable
 
 
 7
 46. Paragraphs 1 to 45 hereof are realleged.
 
 
 8
 47. Each of the claims of patents 4,866,845 and 4,869,027 is invalid because the defined inventions are not novel (35 U.S.C. § 102) or include subject matter which is "obvious" (35 U.S.C. § 103).
 
 
 9
 48. Each of patents 4,866,845 and 4,869,027 was inequitably procured from the PTO and is therefore unenforceable (35 U.S.C. § 282) because defendant J. McEvily knowingly and intentionally withheld from the Patent Office examiner information including but not limited to the prior art of which he was aware by reason of his employment by McPherson's.
 
 
 10
 49. Plaintiffs stand in reasonable apprehension of suit for infringement by defendant J. McEvily or defendant Never Dull on each of U.S. patents 4,866,845 and 4,869,027; wherefore, a judicial controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists.
 
 
 11
 A declaratory judgment action requires the existence of "a case of actual controversy within [the court's] jurisdiction...." 28 U.S.C. § 2201. For there to be such a case of controversy in which McPherson could attack McEvily's patents, McPherson must show it had an "objectively reasonable apprehension that it would be sued for infringement [under 35 U.S.C. § 271 (1988) ]...." Foster v. Hallco Mfg., 947 F.2d 469, 479, 20 USPQ2d 1241, 1249 (Fed.Cir.1991); Int'l Medical Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc., 787 F.2d 572, 576, 229 USPQ 279, 281 (Fed.Cir.1986); Jervis B. Webb Co. v. Southern Sys., 742 F.2d 1388, 1398, 222 USPQ 943, 949-50 (Fed.Cir.1984) (patentee only asserted infringement of certain claims and alleged infringer failed to provide evidence of case of controversy regarding the "other" claims; therefore court of appeals vacated district court's determination that the "other" claims were invalid).
 
 
 12
 Because the pleading failed to give fair notice of the grounds for McPherson's claim as required by Fed.R.Civ. P. 8, and because federal courts must maintain vigilance against manipulative pleading which seeks improperly to invoke their jurisdiction, see, e.g., Beghin-Say, this court was prompted to inquire at the oral argument concerning the factual basis for the declaratory judgment action. McPherson's counsel responded by: (1) stating that, at the time the complaint was filed, no charge of infringement had been made by appellees; (2) failing to address the court's questions as to whether McPherson had a product at the time the complaint was filed which it thought would be charged with infringement; and (3) asserting that sometime after the complaint was filed, appellees had been asked whether certain products apparently manufactured by McPherson in Canada would be considered infringements and appellees had said they would be. Appellees' counsel emphatically stated that his clients had never charged McPherson with infringement.
 
 
 13
 In determining whether a case of controversy exists in the typical patent case, a court must look for the following core elements:
 
 
 14
 (1) acts of [patentee] indicating an intent to enforce its patent; and (2) acts of [alleged infringer] that might subject it or its customers to suit for patent infringement.
 
 
 15
 Arrowhead Indus. Water v. Ecolochem, Inc., 846 F.2d 731, 737, 6 USPQ2d 1685, 1689 (Fed.Cir.1988); also see Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 636, 19 USPQ2d 1545, 1550 (Fed.Cir.1991). However, McPherson's complaint fails to identify which, if any, of its products has been accused of infringement, or to describe any other threatening acts made by the appellees. Therefore, McPherson's complaint simply fails to give fair notice 91-1140 of the grounds supporting its claim that a case of actual controversy exists within this court's jurisdiction. Conley v. Gibson, 355 U.S. 41, 47 (1957) (Rule 8 of Federal Civil Procedure requires " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").
 
 
 16
 Moreover, even amplification of McPherson's complaint with the assertions made by its counsel at oral argument would be futile. When the truth of a jurisdictional allegation is attacked, the party bringing the action must prove facts sufficient to carry its burden of establishing that jurisdiction "existed at, and has continued since, the time the complaint was filed." International Medical Prosthetics, 787 F.2d at 1398, 229 USPQ at 281; also see Indium Corp. of America v. Semi-Alloys, Inc. 781 F.2d 879, 883, 228 USPQ 845, 848 (Fed.Cir.1985), cert. denied, 479 U.S. 820 (1986); Webb, 742 F.2d at 1398, 222 USPQ at 949; 2A J.W. Moore, Moore's Federal Practice p 12.07[2.-1] (2d ed. 1991). By its own statements to the court, McPherson has demonstrated that it is incapable of proving facts sufficient to meet the standard set forth in Arrowhead for establishing the existence of a case of actual controversy over which this court would have jurisdiction.
 
 
 17
 Accordingly, we dismiss McPherson's appeal as being outside our jurisdiction.
 
 
 
 [1]
 Section 1292 provides this court with jurisdiction over interlocutory orders "in any case over which [this] court would have [had] jurisdiction of [the] appeal under [28 U.S.C. § 1295]...." Section 1295(a)(1) grants this court exclusive appellate jurisdiction if, inter alia, "the jurisdiction of [the trial] court was based, in whole or in part, on [28 U.S.C. § ]1338...."