**LEVEL 1 TECHNOLOGIES, INC., Plaintiff,**

v.

**C.R. BARD, INC., Defendant.**

Civ. A. No. 91–11045–H.

United States District Court, D. Massachusetts.

Jan. 6, 1994.

Karen S. Smith, Widett, Slater & Goldman, Boston, MA, Michael T. Platt, Conrad J. Clark, Dickinson, Wright, Moon, Van Dusen & Freeman, Washington, DC, Laura L. Carroll, Hutchins, Wheeler & Dittmar, Boston, MA, for plaintiff.

Peter B. Ellis, Bruce R. Parker, Stephen B. Deutsch, Foley, Hoag & Eliot, James J. Foster, Jason M. Honeyman, Wolf, Greenfield, & Sacks, P.C., Boston, MA, Leslie Wharton, Arnold & Porter, Washington, DC, A. Jason Mirabito, Wolf, Greenfield & Sacks, P.C., Boston, MA, for C.R. Bard, Inc.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on Defendant C.R. Bard's ("Bard") Motion to Dismiss Plaintiff Level 1 Technologies, Inc.'s ("Level 1") amended complaint, Counts I and III in their entirety and Count V to the extent that it seeks judgment as to the enforceability of United States Patent No. 4,623,333. For the reasons stated below, defendant's motion is granted.

Defendant Bard, a manufacturer and supplier of various medical products, is the exclusive licensee of United States Patent Nos. 4,623,333 (" '333") and 4,705,505.[1] These patents relate to a device that infuses, at a rapid rate, life-saving fluids into patients suffering from hypovolemia, a condition characterized by the decrease in volume of circulating blood through the human body. Plaintiff Level 1, also a manufacturer of medical apparatus, has likewise produced a device that supplies warmed physiological fluids to patients. On July 22, 1993, Plaintiff Level 1 filed an amended complaint seeking, *inter alia,* declaratory judgment that its product does not violate Bard's above-mentioned patents and that said patents are nevertheless invalid due to the prior art in the field. Defendant Bard filed this Motion to Dismiss Plaintiff's Counts I, III, and part of V, all relating to patent No. '333, on the ground that none of these counts present a case or controversy as required by the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Declaratory Judgment Act provides, in pertinent part:

In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (1988).

■ The existence of an actual controversy is a requisite for declaratory judgment jurisdiction. *Spectronics Corp. v. H.B. Fuller Co., Inc.,* 940 F.2d 631, 633–34 (Fed.Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 658, 116 L.Ed.2d 749 (1991); *Grain Processing Corp. v. American Maize–Products Co.,* 840 F.2d 902, 905 (Fed.Cir.1988). The actual controversy must exist throughout every stage of the litigation up to resolution. *Spectronics,* 940 F.2d at 635; *International Medical Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572, 575 (Fed.Cir.1986). Hence, where the controversy at issue is resolved subsequent to the filing of the complaint, the court is divested of jurisdiction. *See Grain Processing,* 840 F.2d at 906 (court jurisdiction extinguished when patent holder alleviated controversy by abandoning allegation of infringement prior to trial).

■ In cases involving a declaratory judgment of patent non-infringement or invalidity, a two-pronged test exists for determining whether an actual controversy exists. *Spectronics,* 940 F.2d at 634. First, the accused infringer must have actually produced or prepared to produce an *allegedly infringing product. Id.* Second, the patent holder's conduct must create an objectively reasonable apprehension in the mind of the accused infringer that the patent holder will sue if the allegedly infringing conduct persists. *Id.*

■ In considering the matter at bar, however, this Court need not reach the second prong. Defendant Bard and inventor Stephen Fried have submitted covenants to the Court stating that Level 1 has no current liability for infringement of patent No. '333 and that Bard and Fried will not sue Level 1 for the making, using, or selling of any existing Level 1 product based on that patent. Consequently, Plaintiff Level 1 can not "demonstrate that its present activity is potentially infringing of any patent claims, since it is immune to suit" pursuant to defendant's covenants. *Spectronics,* 940 F.2d at 636.

Although Level 1 correctly argues that Bard's covenants do not prohibit future suits predicated on patent No. '333, this does not negate the fact that no *present* justiciable controversy exists. As a result of Bard's covenants, Level 1 has not manufactured a currently infringing product. Future, theo-

---

1. The inventor and assignor of said patents is Stephen Fried.

retical possibilities of infringement are insufficient grounds for jurisdiction. *See Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 936 (Fed.Cir.1993) (ruling that case must be of sufficient immediacy and reality to warrant declaratory relief). To resolve actual disputes, not theoretical or speculative controversies, is the fundamental function of the federal courts. Accordingly, Defendant Bard's Motion to Dismiss is granted.

SO ORDERED.